UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JAN 26 2012 ★

BROOKLYN OFFICE

SECURITIES AND EXCHANGE
COMMISSION,

                        Plaintiff,

            v.

KENNETH SUAREZ, et al.,

                        Defendants.

Civ. No. 08- 3900 (JG)(RML)

## JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AS TO DEFENDANTS GILBERT BEITAL AND GILCAR SECURITIES OF FLORIDA, INC.

Plaintiff Securities and Exchange Commission ("Commission") having filed a complaint ("Complaint") alleging, among other things, that defendants Gilbert Beital and Gilcar Securities of Florida, Inc. (collectively the "Defendants") violated Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)] and Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)], and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5], and the Defendants having executed the Consent of Defendants Gilbert Beital and Gilcar Securities of Florida, Inc. ("Consent") annexed hereto and incorporated herein, having acknowledged service of the Summons and Complaint and waiving the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, having admitted to the jurisdiction of this Court over them and over the subject matter of this action and, without admitting or denying the allegations contained in the Complaint, except as to jurisdiction, which is admitted, having consented to the entry of this Judgment Of Permanent

Injunction And Other Relief As To Defendants Gilbert Beital and Gilcar Securities of Florida, Inc. ("Judgment"), without further notice:

I.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the Defendants are permanently enjoined and restrained from, directly or indirectly, in the offer or sale of any security, by the use of any means or instrument of transportation or communication in interstate commerce or of the mails:

    (A)    employing any device, scheme, or artifice to defraud;

    (B)    obtaining money or property by means of any untrue statement of material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (C)    engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon a purchaser,

in violation of Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)].

II.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Defendants are permanently restrained and enjoined from, directly or indirectly, in connection with the purchase or sale of any security, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange:

    (A)    employing any device, scheme, or artifice to defraud;

    (B)    making any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (C)    engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person,

in violation of Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5].

### III.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that upon motion of the Commission, the Court shall determine whether to order disgorgement of ill-gotten gains and/or a civil penalty against the Defendants pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)] and, if so, the amount(s) of disgorgement and/or a civil penalty. If disgorgement is ordered, the Defendants shall pay prejudgment interest on the disgorgement amount at the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). In connection with the Commission's motion for disgorgement and/or a civil penalty, and at any oral argument held on such a motion: (a) the Defendants will be precluded from arguing that they did not violate the federal securities laws as alleged in the Complaint; (b) they may not challenge the validity of the Consent or this Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence,

3

without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure and without conducting an evidentiary hearing.

## IV.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, pursuant to Rule 65(d) of the Federal Rules of Civil Procedure, this Judgment shall be binding upon the Defendants, their agents, servants, employees and attorneys, and upon those persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise.

## V.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the provisions of the annexed Consent be, and the same hereby are, incorporated in this Judgment with the same force and effect as if fully set forth herein.

## VI.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for all purposes, including, but not limited to, implementing and enforcing the terms and conditions of this Judgment.

## VII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that there being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

## CONSENT OF DEFENDANTS
## GILBERT BEITAL AND GILCAR SECURITIES OF FLORIDA, INC.

1.  Defendants Gilbert Beital and Gilcar Securities of Florida, Inc. (collectively the "Defendants"), being fully apprised of their rights, having had the opportunity to confer with legal counsel, having read and understood the terms of the annexed Judgment Of Permanent Injunction And Other Relief As To Defendants Gilbert Beital and Gilcar Securities of Florida, Inc. ("Judgment"), appear and admit to the jurisdiction of this Court over them and over the subject matter of this action, waive the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure and, without further notice, trial or argument, and without admitting or denying the allegations of the Complaint ("Complaint") filed by plaintiff Securities and Exchange Commission ("Commission"), except as to jurisdiction, which are admitted, hereby consent to the entry of the annexed Judgment.

2.  The Defendants agree that this Consent Of Defendants Gilbert Beital and Gilcar Securities of Florida, Inc. ("Consent") shall be incorporated by reference in and made part of the Judgment to be presented to the Court for signature, filing and entry contemporaneously herewith.

3.  The Defendants waive the right, if any, to a jury trial and to appeal from the Judgment.

4.  The Defendants acknowledge that any violation of any of the terms of the Judgment may place them in contempt of this Court and subject them to civil or criminal sanctions.

5

5.      The Defendants acknowledge that they enter into this Consent voluntarily, and that this Consent and the Judgment embody the entire understanding of them and the Commission.  The Defendants acknowledge and agree that this proceeding, and the Consent to the entry of the Judgment, are for the purposes of resolving this civil action only, and that no tender, offer, promise, threat or representation of any kind has been made by the Commission or any member, officer, attorney, agent or representative thereof with regard to: (a) any criminal liability arising from the facts underlying this action; or (b) immunity from any such criminal liability.

6.      The Defendants acknowledge that they have been informed and understand that the Commission, at its sole and exclusive discretion, may refer, or grant access to, this matter or any information or evidence gathered in connection therewith or derived therefrom, to any person or entity having appropriate administrative, civil, or criminal jurisdiction, if the Commission has not already done so.

7.      The Defendants acknowledge that, in conformity with the provisions of 17 C.F.R. § 202.5(f), their Consent and the entry of the annexed Judgment do not resolve, affect or preclude any other proceeding that has been or may be brought against them or anyone else.  Among other things, the Defendants waive any rights they may have to assert that, under the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution, the relief sought or consented to in this civil action, including the seeking or imposition of any remedy or civil penalty herein, bars any criminal action, or that any criminal action bars the relief consented to in this action.

8.      The Defendants acknowledge that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-

regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding.

9. The Defendants understand and agree to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegation in the Complaint or order for proceedings," 17 C.F.R. § 202.5(e). In compliance with this policy, the Defendants agree: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the Complaint or creating the impression that the Complaint is without factual basis; and (ii) that upon the filing of this Consent, the Defendants hereby withdraw any papers filed in this action to the extent that they deny any allegation in the Complaint. If the Defendants breach this agreement, the Commission may petition the Court to vacate the Judgment and restore this action to its active docket. Nothing in this provision affects the Defendants': (a) testimonial obligations; or (b) right to take legal or factual positions in defense of litigation or other legal proceedings in which the Commission is not a party.

10. The Defendants agree that this Court shall retain jurisdiction of this matter for purposes of implementing and enforcing the terms and conditions of the Judgment and for all other purposes.

11. The Defendants hereby consent and agree that the annexed Judgment may be presented by the Commission to the Court for signature and entry without further notice or delay.

7

12. The Defendants will not oppose the enforcement of the Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waive any objection based thereon.

13. The Defendants waive service of the Judgment and agree that entry of the Judgment by the Court and filing with the Clerk of the Court will constitute notice to the Defendants of its terms and conditions. The Defendants agree to execute and provide to the Commission a written declaration pursuant to 28 U.S.C. § 1746 acknowledging their receipt of the Judgment no later than twenty (20) days after a copy of the Judgment has been delivered to the Defendants' counsel, Stephen B. Wexler, Esq., 585 Stewart Avenue, Garden City, New York 11530.

14. The Defendants hereby waive any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by the Defendants to defend against this action. For these purposes, the Defendants agree that they are not the prevailing party in this action since the parties have reached a good faith settlement.

15. In connection with this action and any related judicial or administrative proceeding or investigation commenced by the Commission or to which the Commission is a party, the Defendants (i) agree to appear and be interviewed by Commission staff at such times and places as the staff requests upon reasonable notice; (ii) will accept service by mail or facsimile transmission of notices or subpoenas issued by the Commission for documents or

testimony at depositions, hearings, or trials, or in connection with any related investigation by Commission staff; (iii) appoints their attorney, Stephen B. Wexler, Esq., as agent to receive service of such notices and subpoenas; (iv) with respect to such notices and subpoenas, waives the territorial limits on service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local rules, provided that the party requesting the testimony reimburses the Defendants' travel, lodging, and subsistence expenses at the then-prevailing U.S. Government per diem rates; and (v) consents to personal jurisdiction over them in any United States District Court for purposes of enforcing any such subpoena.

Dated:
_____, 2011

/s/ Gilbert Beitel
Gilbert Beitel

On January 4, 2012 Gilbert Beitel, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

/s/ Victoria Pisciotta
Notary Public
Commission expires:

VICTORIA PISCIOTTA
Notary Public - State of New York
NO 01PI6226913
Qualified in Rockland County
My Commission Expires 5-7-14

9

Gilcar Securities of Florida, Inc.

By: /s/ Gilbert Bertal

On January 4, 2012 Gilbert Bertal, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent with full authority to do so on behalf of Gilcar Securities of Florida, Inc.

Notary Public
Commission expires:

VICTORIA PISCIOTTA
Notary Public - State of New York
NO. 01PI6226913
Qualified in Rockland County
My Commission Expires 8-16-14

SO ORDERED:

s/John Gleeson

UNITED STATES DISTRICT JUDGE

1/24/12

10