| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK | FOR ONLINE PUBLICATION ONLY |

SECURITIES AND EXCHANGE
COMMISSION,

                Plaintiff,

      -versus-

KENNETH SUAREZ, KEVIN KING,
RONALD GARCIA, GILBERT BEITAL,
INDEPENDENT INVESTOR SERVICES,
INC., AND GILCAR SECURITIES OF
FLORIDA, INC.,

                Defendants.

ORDER
08-CV-3900

APPEARANCES

    By:    Kenneth V. Byrne
           Jack Kaufman
           Securities and Exchange Commission
           New York Regional Office
           3 World financial Center, Suite 400
           New York, NY 10281
           *Attorney for Plaintiff*

    By:    Gilbert Beital
           Pro Se *Defendant*

JOHN GLEESON, United States District Judge:

        On January 24, 2012, defendants Gilbert Beital ("Beital") and Gilcar Securities of Florida, Inc. ("Glicar") entered into a partial consent judgment which provided, *inter alia*, that "the Court shall determine whether to order disgorgement of ill-gotten gain and/or a civil penalty . . . and, if so, the amount(s) of disgorgement," as well as "prejudgment interest" on any disgorgement ordered. *See* Judgment 3, ECF No. 21. On February 25, 2013, the Securities and Exchange Commission ("SEC") moved for an order of disgorgement in the amount of $870,000, prejudgment interest, and a civil money penalty against Beital and Gilcar. *See* Notice of Mot., ECF No. 38. This Court held argument on March 25, 2013. Beital, representing himself *pro se*,

appeared.[1]  The SEC submitted supplemental information in support of its Motion on March 28, 2013.  *See* ECF No. 43.

I find that $870,000 is a reasonable approximation of profits causally connected to the defendants' violations of Section 17(a) of the Securities Act of 1933, 15 U.S.C. § 77q(a), and Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b).  Therefore, the motion is granted to the extent it seeks an order of disgorgement in this amount.  Under the particular circumstances of this case, the motion is denied to the extent it seeks prejudgment interest.  *See S.E.C. v. First Jersey Sec., Inc.*, 101 F.3d 1450, 1476 (2d Cir. 1996) (discussing when an award of prejudgment interest is warranted).   Finally, since I conclude that disgorgement alone will serve the goals of deterrence and forestall future violations, I decline to impose a civil penalty in addition to disgorgement.  *Cf.  S.E.C. v. Inorganic Recycling Corp.*, No. 99 Civ 10159, 2002 WL 1968341, at *4 (S.D.N.Y., Aug. 23, 2002).

Judgment is awarded to the plaintiff Securities and Exchange Commission and against Gilbert Beital and Gilcar Securities of Florida, Inc. jointly and severally directing disgorgement in the sum of $870,000.

So ordered.

John Gleeson, U.S.D.J.

Dated:  April 1, 2013
           Brooklyn, New York

---

[1] Beital explained his financial circumstances and requested this Court's assistance in locating *pro bono* counsel if necessary.  Letter, ECF No. 41.  I advised Beital of his right to represent himself *pro se* and, for the reasons stated on the record, declined to appoint *pro bono* counsel.  *Cooper v. A. Sargenti Co., Inc*., 877 F.2d 170, 171-72 (2d Cir. 1989) (when deciding whether to appoint counsel for an indigent claimant in a civil case, the "district court exercises substantial discretion, subject to the requirement that it be guided by sound legal principles.")